IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TYSHEED RASHON DAVIS,** | : | |
| **Plaintiff** | : | |
| | : | |
| v. | : | **CIVIL ACTION NO. 22-CV-4541** |
| | : | |
| **UNITED STATES MARINES,** *et al.*, | : | |
| **Defendants** | : | |

**MEMORANDUM**

**PRATTER, J.**                                                                          **DECEMBER 16, 2022**

Plaintiff Tysheed Rashon Davis, an inmate currently housed at SCI-Dallas, brings this *pro se* civil action. Mr. Davis has also moved to proceed *in forma pauperis*. For the following reasons, the Court will grant Mr. Davis leave to proceed *in forma pauperis* and dismiss the Complaint with prejudice.

**I. FACTUAL ALLEGATIONS**

Mr. Davis initiated this matter by filing a Complaint and Motion to Proceed *In Forma Pauperis*. (ECF Nos. 1, 2.) Shortly thereafter, Mr. Davis filed another complaint which the Court construes as an Amended Complaint. (ECF No. 4, "Am. Compl.")[1] Mr. Davis's initial complaint named the following defendants: United States Marines; City of Philadelphia, Police Department; FBI; District Attorneys Office; SCI Dallas; Entertainment Business; Social Media;

---

[1] An amended complaint, once submitted to the Court, serves as the governing pleading in the case because an amended complaint supersedes the prior pleading. *See Shahid v. Borough of Darby*, 666 F. App'x 221, 223 n.2 (3d Cir. 2016) (*per curiam*); *see also Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019) ("In general, an amended pleading supersedes the original pleading and renders the original pleading a nullity. Thus, the most recently filed amended complaint becomes the operative pleading.") (internal citations omitted); *Argentina v. Gillette*, 778 F. App'x 173, 175 n.3 (3d Cir. 2019) (*per curiam*) (holding that "liberal construction of a pro se amended complaint does not mean accumulating allegations from superseded pleadings"). Consequently, the Amended Complaint is the governing pleading in this case.

"Criminal Activitie in the Unite States and Over Seas [sic]"; NBA; NFL; NHL; MLB; Hip Hop & RNB; "One Souce [sic] Talent"; Entertainment Attorney; Wells Fargo Bank; TD Bank; Family Court; DEA; and ATF. His Amended Complaint appears to name the FBI, United States Marines, DEA and ATF as defendants. Mr. Davis seeks "to become a confidential informant" so that he can "help arrest people" who are selling drugs, laundering money, counterfeiting money, and sex trafficking. (*See* Am. Compl. at 3-6.)[2] He asserts that crimes are being committed in the prison and in his community. (*Id.*) He alleges to have suffered physically and mentally due to these ongoings. (*Id.* at 4-5.) Mr. Davis requests $10 million in damages, as well as paperwork appointing him as a confidential informant. (*Id.* at 5.)

## II.  STANDARD OF REVIEW

The Court will grant Mr. Davis leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[3] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(i) applies. Section 1915(e)(2)(B)(i) requires the Court to dismiss the complaint if it is frivolous. A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim is legally baseless if it is "based on an indisputably meritless legal theory," *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995), and factually baseless "when the facts alleged to rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Because Mr. Davis is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021).

---

[2] The Court adopts the pagination supplied by the CM/ECF docketing system.

[3] Because Mr. Davis is a prisoner, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

2

### III. DISCUSSION

Mr. Davis commenced this action by filing a form complaint for use in civil rights matters. While Mr. Davis has listed numerous entities as defendants, he fails to set forth a claim based in law or fact. Instead, he asserts that crimes are being committed in the prison and his community and seeks the assistance of the Court in being hired as a confidential informant in order to "help arrest people" who are selling drugs, laundering money, counterfeiting money, and sex trafficking. (*See* Am. Compl. at 3-6.)

The Court has carefully reviewed the Complaint and concludes that there is no discernable basis for any legal claims within the Court's jurisdiction. Mr. Davis has not alleged how the named defendants have violated his rights and there is no legal theory on which he can rely. Mr. Davis's frustrations with crime in the institution and his community do not equate to a federal claim. Additionally, to the extent Mr. Davis is attempting to address general grievances about government, his claim is legally baseless because he has not stated a case or controversy over which this Court has jurisdiction. *See Lance v. Coffman*, 549 U.S. 437, 439 (2007) (*per curiam*) ("[A] plaintiff raising only a generally available grievance about government – claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large – does not state an Article III case or controversy.") (internal quotations omitted); *Credico v. Unknown Off. for U.S. Drone Strikes*, 537 F. App'x 22, 23 (3d Cir. 2013) (*per curiam*) (affirming dismissal of complaint as frivolous where litigant lacked standing to challenge federal drone program).

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss Mr. Davis's Complaint with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as legally frivolous. Leave to amend will not be given because any attempt to amend would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002). An appropriate order follows which dismisses this case.

BY THE COURT:

_____
GENE E.K. PRATTER, J.

4